IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW AND ANDREA BERARDI, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 05-2295 |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                                November 9, 2005

Presently before the Court are Plaintiffs' Motion for Extension of Time to Reply to Counterclaim to Complaint (Docket No. 10) and Defendant's response thereto (Docket No. 11). As explained below, Plaintiffs' Motion is denied.

**I. BACKGROUND**

On April 26, 2005, Andrew Berardi and Andrea Berardi (collectively "Plaintiffs") filed a civil action in the Court of Common Pleas of Montgomery County, Pennsylvania. On May 16, 2005, Allstate Insurance Company ("Defendant") filed a Notice of Removal of the Civil Action from Montgomery County Common Pleas Court to the United States District Court for the Eastern District of Pennsylvania. (Docket No. 1; Def.'s Br. Ex. A.) The next day, May 17, 2005, Defendant sent Plaintiffs a copy of its correspondence to the Montgomery County Courthouse, including notice of the Praecipe to File Petition for Removal along with a copy of the Praecipe filed with the Common Pleas Court of Montgomery County. (Def.'s Br. Ex. A.)

On May 19, 2005, Plaintiffs sent correspondence, which enclosed a demand for a jury trial, to the Clerk of Courts of the United States District Court for the Eastern District of Pennsylvania. (Defs.' Br. Ex. B.) One day later, May 20, 2005, Plaintiffs sent a letter to the Court, advising the Court on the value of their claim and requesting arbitration. (Defs.' Br. Ex. C.) On that same day, May 20, 2005, Defendant filed an Answer with Affirmative Defenses and Counterclaim for Civil Insurance Fraud against Plaintiffs. (Docket No. 3.)

On June 15, 2005, Defendant filed its Certification of Filing of Removal with State Court with the Court. (Docket No. 7; Def.'s Br. Ex. D.) Plaintiffs received notice of the filing. (Def.'s Br. Ex. E.) Defendant filed a Motion to Compel with the Court on August 18, 2005. (Docket 8.) After failing to receive a response from Plaintiffs to Defendant's Motion to Compel, the Court entered an Order on September 13, 2005 granting Defendant's Motion to Compel. (Docket No. 9.)

To date, Plaintiffs have failed to file a response to Defendant's Counterclaim. Plaintiffs acknowledge that they failed to meet the deadline set forth by Rule 12(a) of Federal Rules of Civil Procedure. In filing this Motion, Plaintiffs ask the Court to extend the deadline for the following reasons. First, Plaintiffs claim they believed that Defendant had not filed a certified copy of its Notice of Removal with the state court pursuant to 28 U.S.C. § 1446(d). (Pl.'s Br. 1.) According to Plaintiffs, Defendant's correspondence led them to believe that the Notice of Removal was to be filed at a later date. Id. Based on their assumption that the Notice of Removal had not been filed with the state court, Plaintiffs believed jurisdiction still rested with the state court and thus did not file a response to Defendant's Counterclaim. Id. at 1, 4.

Second, Plaintiffs claim that they never received notice from the United States District Court that the removal had been approved. (Pls.' Mot. for Extension of Time 2.)

**II. LEGAL FRAMEWORK**

Plaintiffs ask the Court to use its power under Rule 6(b) of the Federal Rules of Civil Procedure to extend their time to file a response to Defendant's Counterclaim. Pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs had twenty days from its receipt of Defendant's Counterclaim to serve its reply.[1] Fed. R. Civ. P. 12(a)(2). Under Rule 6(b), in an instance in which a period has expired, the Court may enlarge the time "where the failure to act was the result of excusable neglect . . . ." Fed. R. Civ. P. 6(b)(2).

Determining what sort of neglect is "excusable neglect" involves equity and requires courts to take account of relevant circumstances surrounding the omission. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).[2] These relevant circumstances include the following: "1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in

---

1. With respect to the consequences of Plaintiffs' failure to respond to Defendant's Counterclaim, "[f]ailure to deny an averment in a pleading to which a responsive pleading is required, other than those as to the amount of damages, is deemed an admission." 2 James Wm. Moore et al., Moore's Federal Practice § 8.08[1] (3d ed. 2005) (citing Fed. R. Civ. P. 8(d)).

2. In Pioneer, the Supreme Court analyzed excusable neglect in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which governs the enlargement of time for filing proofs of claim in bankruptcy cases. In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315, 322 (3d Cir. 2001) (citing Pioneer, 507 U.S. at 391). The Supreme Court noted that Rule 6(b) of the Federal Rules of Civil Procedure was the genesis of the bankruptcy rule. Id. (citing Pioneer, 507 U.S. at 391).

good faith." In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315, 322-23 (3d Cir. 2001) (citing Pioneer, 507 U.S. at 395)).[3]

In Orthopedic Bone Screw Products, 246 F.3d at 323, the Court discussed the impact of Pioneer on a previous Third Circuit case, Dominic v. Hess Oil V.I. Corp., 841 F.2d 513 (3d Cir. 1988). In Dominic, the Third Circuit, in discussing the excusable neglect standard with respect to Rule 4 of the Federal Rules of Civil Procedure, found that district courts should examine the following six circumstances in analyzing excusable neglect:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance . . . .  Moreover, we also consider whether the enlargement of time will prejudice the opposing party.

Orthopedic Bone Screw Prods., 246 F.3d at 323 (quoting Dominic, 841 F.2d at 517).  In Orthopedic Bone Screw Products, the Third Circuit commented that the six factors announced in Dominic were a more specific application of the factors later articulated by the Supreme Court in Pioneer.  Id.  According to the Third Circuit, the Supreme Court did not "restate" the Dominic factors in Pioneer but instead the factors were "subsumed in the more general consideration of reason for delay."  Id. (internal quotations omitted) (citation omitted).  In the instant case, the Court will analyze the excusable neglect standard utilizing the circumstances articulated by the

---

[3]. In Orthopedic Bone Screw Products, 246 F.3d at 322-23, the Third Circuit discussed the Supreme Court's application of the excusable neglect standard in Pioneer before applying the standard to Rule 23 of Federal Rules of Civil Procedure.

Supreme Court in Pioneer.

### III. DISCUSSION

Examining the circumstances articulated in Pioneer with respect to the instant case, the Court will first address whether Plaintiffs move in good faith. For the following four reasons, the Court believes Plaintiffs move in bad faith. First, Plaintiffs' claim that they thought the certified Notice of Removal was to be filed with the state court at a later date is unbelievable. The Court finds no reason to give credence to Plaintiffs' reading of Defendant's correspondence of May 17, 2005.[4] Nowhere in Defendant's correspondence is there room for ambiguity; a certified copy of the Notice of Removal was filed with the state court. (Def.'s Br. Ex. A.) Second, on June 15, 2005, the Court notified Plaintiffs that Defendant had filed its Certification of Filing of Removal with State Court. (Def.'s Br. Ex. E.) Even if Plaintiffs' claim of confusion as to Defendant's May 17, 2005 correspondence were true, the Court's notice of July 15, 2005 would have alerted Plaintiffs that jurisdiction rested with the Court, requiring Plaintiffs to file an answer to Defendant's Counterclaim. Third, as discussed above, Plaintiffs claim that they did not file a response to Defendant's Counterclaim because they did not receive notice that the Court had approved Defendant's removal. This claim too is unbelievable. Contrary to the belief of Plaintiffs, no federal order is required to complete removal. 16 James Wm. Moore et al., Moore's Federal Practice § 107.31[1] (3d ed. 2005). Plaintiffs offer no support and no explanation for their interpretation of the statute. Fourth, Plaintiffs' actions contradict their claims. On May 19, 2005, Plaintiff wrote the Clerk of Courts with a jury demand, and it was placed on the Court's docket for this case. Plaintiffs wrote to the Court on May 20, 2005

---

4. Defendant's correspondence of May 17, 2005 is Exhibit A of Defendant's response. (Docket 11.)

requesting arbitration. These actions contradict Plaintiffs' claims that they thought the Court did not have jurisdiction. In contacting the Court as they did, Plaintiffs showed that they understood this Court had jurisdiction.

With respect to two other circumstances mentioned in Pioneer, the prejudice caused to Defendant and the harm caused by the delay in the proceedings, the Court recognizes that the proceedings have been delayed and that Defendant has incurred costs in filing and answering motions because of Plaintiffs' lack of good faith. Regarding the remaining circumstance, which concerns the reason for the delay, the Court believes Plaintiffs' lack of good faith is the sole reason for the delay.

## IV. CONCLUSION

The first two factors must be weighed in favor of Plaintiffs. There has been delay but aside from incurring costs, which will be remedied hereafter, no prejudice has been called to the Court's attention by Defendant that would affect the outcome of this case.

Factors three and four weigh heavily against Plaintiffs. Plaintiffs' bad faith has been the cause of the delay and resulted in Defendant's incurring expenses in this motion and its motion to compel.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW AND ANDREA BERARDI, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 05-2295 |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 9th day of November, 2005, upon consideration of Plaintiffs' Motion for Extension of Time to Reply to Counterclaim to Complaint (Docket No. 10) and Defendant's response thereto (Docket No. 11), it is hereby **ORDERED** that Plaintiffs' Motion is **GRANTED**, and Plaintiffs will be given until November 21, 2005 to answer the Complaint.

The legal fees incurred by Defendant in responding to Plaintiffs' motion for extension are imposed on Plaintiffs in an amount to be determined by agreement of the parties or in lieu thereof, by application to the Court.

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.